## WILSON *v.* ROGERS.

NATIONAL BANKS—POWERS OF AGENTS.—Money paid to the cashier of a bank for the use of and benefit of the bank, is payment to the bank itself. If such cashier misapply the funds so received, the bank, as his principal, can maintain an action against him, but not the person paying the money.

IDEM.—If the latter suffer injury by reason of such misapplication, his remedy lies against the bank and not against its officer or servant.

IDEM.—An agent receiving money from a third person for his principal, if he acted within the scope of his authority, and has the right to receive such payment, is not responsible to the third person; payment to the agent is payment to the principal, who is responsible for the default of the agent.

ERROR to the First District Court, for Laramie County.

The following is the statement of the case, written by the judge who delivered the opinion of the court:

An appeal from the district court, first judicial district, March term, 1872. This was an action by the plaintiff below to recover damages of the defendant in the sum of four thousand dollars. The amended petition alleges that the

plaintiff on the twenty-first day of February, 1871, delivered to the defendant the sum of five thousand dollars, in consideration of which the defendant promised the plaintiff to pay the said five thousand dollars into the first national bank of Cheyenne, a bank incorporated under the laws of the United States, in payment of fifty per cent. of one hundred shares of the capital stock of said banking association, for which the said plaintiff had theretofore subscribed. That the defendant in violation of his undertaking did not pay the said sum, nor any part thereof, to said bank in payment of fifty per cent. of one hundred shares of capital stock for which plaintiff had subscribed, to the damage of the plaintiff in the sum of four thousand dollars. The defendant's answer was a general denial.

On the issue thus made up the case was tried by a jury in the court below, and. verdict rendered for defendant. Motion was made by plaintiff to set aside verdict, and grant a new trial, which was overruled by the court, to which ruling the plaintiff excepted. The reasons alleged for a new trial are the same as the first two assignments of error in this court, which assignments of error by appellant are as follows, to wit: 1. That the court below erred in rejecting the evidence offered to be given to the jury to restrain the issues upon his part; 2. That the court below erred in its instructions as given to the jury upon the trial of the cause; 3. That the court erred in overruling the appellant's motion for a new trial.

The only instructions which appear from the record to have been given to the jury in this case, are as follows: "That the verdict under the evidence, as given to them, must be for the defendant, as there has been no liability shown to rest on him."

These instructions were excepted to by plaintiff's counsel in the court below. The only witness examined in the district court was Posey S. Wilson, the plaintiff, who testified substantially as follows: "That he was one of the incorporators and directors of the First National Bank of

Cheyenne, which was organized on the tenth day of January, 1871; that he, the plaintiff, in December, 1870, subscribed for ten thousand (10,000) dollars of the capital stock of said bank, and that the defendant, Rogers, subscribed for twenty-five thousand (25,000) dollars of the capital stock of said bank; and that said Rogers, on the tenth day of January, 1871, was elected cashier, and one of the directors of said bank, at which time the organization of the bank was completed, and the first assessment of fifty per cent. on the capital stock made. That he, Wilson, paid his assessment of five thousand dollars by a check drawn on himself in favor of the First National Bank of Cheyenne, which check he, Wilson, paid to Rogers, the defendant, as cashier of said National Bank. That he, Wilson, received a receipt for said amount of money from H. J. Rogers, cashier of said bank, per Hoyt, assistant cashier, who was also clerk of Rogers & Co. Hoyt was elected assistant cashier at the same meeting in which Rogers was elected cashier, and all his acts were ratified by the board of directors."

The check and receipt referred to are as follows:

"Cheyenne, W. T., Jan. 16, 1871. Posey S. Wilson, banker, pay to First National Bank, Cheyenne, five thousand dollars (5,000). P. S. Wilson, indorsed as follows: H. J. Rogers, cashier, per Wild."

"No. 14. Cheyenne, Wyoming Territory, January 16, 1871. Received of P. S. Wilson five thousand dollars, to apply on capital stock First National Bank, being fifty per cent. of one hundred shares. $5000. H. J. Rogers, Cash. Hoyt."

The plaintiff offered to show that defendant received the money, being the said five thousand dollars, from plaintiff, for the purpose of paying it into the First National Bank in payment of the first assessment on the stock subscribed for by the plaintiff, and that defendant wholly failed to appropriate the money aforesaid to that purpose, but instead

thereof, directed and appropriated it to the payment of his own debts and the debts of the banking firm of Rogers & Co., of which he was a member; and thereby and by reason thereof the plaintiff was damaged in the sum claimed, to wit., the sum of four thousand dollars, and for that purpose witness was asked the following questions, to each of which the defendant objected, which objections were sustained by the court and the evidence rejected. The plaintiff in each case excepting to the rulings of the court:

First question.—State whether or not defendant paid the First National Bank of Cheyenne, as was intended, in payment of the assessment due on your subscription to the capital stock?

Second question.—At the time you paid this five thousand dollars to Mr. Rogers to be applied to the payment of your subscription to the stock of the bank, did you have any knowledge this money was to be applied to any other purpose than the use for which it was paid?

Third question.—Did you sustain any damage in consequence of the failure of defendant to pay the five thousand dollars into the First National Bank of Cheyenne; and if so, in what amount?

*Corlett and Johnson,* for appellant, contended:

I. That the evidence offered on the part of appellant and rejected by the court, tended directly and distinctly to prove and maintain on his part the issues as made up by the pleadings in the cause: citing 1 Greenl. on Ev., secs. 51 to 55.

II. An agent is personally liable if he transcends his agency or departs from its provisions, or if he conducts himself so as to render his principal inaccessible or irresponsible, or if he acts in bad faith: 1 Parsons on Con. 64 to 74, and the cases there cited; 11 Wend. *Teter* v. *Heath,* 479; Story on Agency, 335 to 408; 2 Kent, 630.

III. The appellee's personal responsibility is fixed by the fifty-third section of the national banking act, to which reference is made: 13 Stat. at Large, 116.

*W. R. Steele*, for appellee, urged that an agent receiving money from a third person for his principal, if he acted within the scope of his authority and has the right to receive such payment, is not responsible to the third person; payment to the agent is payment to the principal, who is responsible for the default of the agent. If the agent fail to pay over such money, he is responsible to his principal to whom he owes the duty and to no one else, and cited: 1 Parsons on Con. 79 (note " E "); 1 Bouv. Agency, 102; 2 Greenl. sec. 68; 2 Comst. 2 N. Y. 126; 7 Ohio S. 231; 12 Barb. 456; 10 Id. 663; 2 Denio, 115; Paley's Agency, 388; Story on Agency, 216 to 310; Abbott's Corp. 550; 8 Wall. 498.

By the Court, CAREY, J.   The first error assigned in this case is that the district court erred in rejecting the evidence offered to the jury to sustain the issues on the plaintiff's part.  Though it does not appear in the record upon what grounds the objections were made to said evidence by the defendant, we are of the opinion that the court was right in refusing to allow the questions to be answered.   In the asking of each of the questions it is assumed it had been proved that H. J. Rogers, the defendant, had received money from the plaintiff, to be paid over to the First National Bank of Cheyenne, as payment of an assessment on a certain amount of capital stock of the said bank, for which plaintiff had theretofore subscribed.

The testimony of Mr. Wilson, and the check and receipt offered in evidence, show that Mr. Wilson paid the instalment on the capital stock of said bank, not to H. J. Rogers, as his agent or bailee, but to the said bank, as directly as money can be paid to any corporation.   The check given was drawn in favor of said bank, and was collected by said bank in the usual manner of making such collections, and is indorsed, not by H. J. Rogers as a principal, but by H. J. Rogers as cashier of said bank, per Wild.   Nowhere in the evidence does it appear that Mr. Wilson made Mr.

Rogers his agent or bailee, but in his payment of assessment on the capital stock of said bank that he transacted his business directly with said bank in payment of said money to an officer of the bank. The bank, by its officers, had therefore made an assessment on its capital stock, and Mr. Wilson, being a stockholder, paid the amount due on his assessment to said bank, and if the latter, through any of its officers, failed to appropriate the money to the purpose for which it was intended, and Wilson was damaged, the remedy is against the bank. It is true, as contended by counsel for appellant, that if an agent transcends his agency, or departs from its provisions, or conducts himself so as to render his principal inaccessible or irresponsible, or if he acts in bad faith, he makes himself personally liable: Parsons on Cont. 64.

We cannot see how this principle can apply in this case. The petition upon which this cause was tried does not allege that the defendant was the agent of any one, but that he as principal for consideration promised and undertook to do what is therein alleged. While the proof offered shows that when he received said sum of five thousand dollars, he received it as cashier of the First National Bank of Cheyenne. It is a well-established principle that the proofs must correspond with the allegations in the petition. In this case they are wholly at random with its allegations. Again, it is contended that the appellee's personal responsibility is fixed by the fifty-third section of the national banking act, thirteenth volume United States statutes, page 116. This section provides that if the directors of any association (national banks) shall knowingly violate or knowingly permit any of the officers, agents or servants of the association to violate any of the provisions of the act, * * every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders or any other person shall have sustained in consequence of such violation.

We fail to see how this provision of the banking laws of the United States can be made applicable in this case. It is not alleged in the petition upon which the case was tried: 1. That the directors of the First National Bank of Cheyenne violated or permitted to be violated any of the provisions of the banking law; or, 2. That H. J. Rogers, the appellee, was a director in said bank, or that he participated or assented to the violation of any of the provisions of the said law, all of which requisites would be necessary to sustain an action under the section named.

We are of the opinion that the district court, under the evidence, was correct in its instructions to the jury, and very properly overruled the motion to set aside the verdict of the jury and grant a new trial.

Judgment affirmed.